# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

ADAK FISHERIES, LLC,

               Debtor.

Case No. A09-00623-DMD
Chapter 11

**Filed On 10/29/09**

## MEMORANDUM REGARDING RULE 2004 EXAMINATION

        Adak Fisheries filed for chapter 11 relief on September 11, 2009. On October 12, 2009, Independence Bank filed a motion for a Rule 2004[1] examination of Aleutian Spray Fisheries, Inc. On October 15, 2009, Independence Bank filed a complaint for declaratory and other relief against the debtor, Aleut Enterprises, LLC, Aleutian Spray Fisheries, Inc. and Pacific Pelagic Group, LLC.[2] Count One of the complaint seeks declaratory and injunctive relief as well as an award of punitive damages against all defendants. Count Two alleges breach of contract against all defendants, and seeks compensatory as well as punitive damages against all defendants. Count Three alleges breach of fiduciary duty by all defendants. It asks for compensatory damages against all defendants, but no punitive damages. Count Four alleges a civil conspiracy among all the defendants. It seeks both compensatory and punitive damages against all defendants. Finally, Count Five alleges intentional interference with contractual relationships, and again seeks compensatory and punitive damages against all defendants.

        The debtor opposes Independence Bank's motion for Rule 2004 examination. It maintains that Rule 2004 should not be used to obtain discovery from a third party who is

---

[1] Unless otherwise stated, all references to rules herein are to the Federal Rules of Bankruptcy Procedure.

[2] *Independence Bank v. Adak Fisheries, LLC.*, Adv. No. A09-90031-DMD.

a defendant in an adversary proceeding. I agree. Rule 2004 was designed primarily for use by bankruptcy trustees. It allows them to conduct a fishing expedition of the debtor's financial affairs in a rapid fashion. When an adversary proceeding or contested matter is pending, however, the discovery devices provided by Rules 7026-7037, which adopt the discovery provisions of the Federal Rules of Civil Procedure, apply to the parties within that proceeding. Rule 2004 should not be used.[3] I concur with the cases cited by the debtor: *In re The Bennett Funding Group, Inc.*,[4] and *2435 Plainfield Avenue, Inc. v. Township of Scotch Plains (In re 2435 Plainfield Avenue, Inc.).*[5]

      Independence Bank can proceed with discovery in the adversary proceeding in accordance with Rules 7026-7037. Its motion for a Rule 2004 examination will therefore be denied. An order will be entered accordingly.

      DATED: October 29, 2009.

                                            BY THE COURT

                                            /s/ Donald MacDonald IV
                                            DONALD MacDONALD IV
                                            United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
         A. Willig, Esq.
         D. Von Kallenbach, Esq.
         U. S. Trustee

         10/29/09

---

[3] 9 *Collier on Bankruptcy* ¶ 2004.01[1] (15th ed. rev. 2009). Collier lists cases supporting this proposition on p. 2004-3, n.5, and contrary cases in n.6.

[4] 203 B.R. 24 (Bankr. N.D.N.Y. 1996).

[5] 223 B.R. 440 (Bankr. D. N.J. 1998), *aff'd*, 213 F.3d 629 (3rd Cir. 2000).