UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ADAK FISHERIES, LLC, an Alaska limited liability company,

Debtor.

Case No. A09-00623-DMD
Chapter 11

Filed On
1/26/10

# MEMORANDUM ON MOTION TO PARTIALLY DISTRIBUTE PROCEEDS AND FIRST INTERIM FEE APPLICATION

Pending before the court are two motions: 1) Motion to Partially Distribute Proceeds of Sale of Plant, filed December 28, 2009 (Docket No. 169), and 2) First Interim Application for Approval of Debtor's Attorney Fees, filed December 28, 2009 (Docket No. 170). The motions were duly noticed. One conditional objection to the motion was filed on December 21, 2009. The debtor's Certificate of no Objections, filed on January 22, 2010, indicates that the objection has been resolved.

In spite of the lack of opposition, I find the motion to partially distribute sale proceeds cannot be granted in its entirety. This chapter 11 debtor is holding $488,000.00 after a sale of its fish processing plant and associated equipment and assets. The sale was free and clear of all claims, liens and interests other than the secured claim of Independence Bank and creditors holding security interests perfected pursuant to AS 28.10.371 *et seq.* in certain titled motor vehicles.[1] The other claims, liens and interests in the plant included federal, state and city tax liens, and a fishermen's lien for $370,920.73. These liens attached

---

[1] Order Granting Debtor's App. to Sell Adak Plant Free and Clear of Liens, entered Nov. 12, 2009 (Docket No. 149), at 3-4.

to the sale proceeds to the same extent and in the same order of priority as existed in the underlying property.[2]

The debtor now proposes distributing roughly one-fourth of the sale proceeds, or $122,369.84, to pay the following: fees and costs in the sum of $42,538.45 incurred by its attorneys in procuring the sale of the plant, as an 11 U.S.C. § 506(c) expense, two small, senior tax liens held by the IRS and the State of Alaska, and $79,688.96 to priority wage claimants. The motion notes that the debtor's attorney has filed, contemporaneously, his first interim fee application, and that this application seeks allowance of total fees and costs of $65,832.47. The fee application indicates that the portion of fees and costs incurred for case administration, totaling $23,294.02, would be paid from a retainer held in the attorney's trust account,[3] and the balance of $42,538.45 would be paid from the sale proceeds as a § 506(c) expense.

The debtor argues that payment to the priority wage claimants at this time is appropriate. First, even though there are other, substantial liens against the sale proceeds, the debtor says the priority and amount of some of these liens may be disputed. Second, one of the larger lien claimants, Muir Milach Management, LLC, which holds the fishermen's lien, has consented to the payment of the wage claims before it receives payments. Finally, the debtor contends that the priority wage claims are payable ahead of the remaining tax liens under § 724(b).

I feel the partial disbursement to the lien creditors and wage claimants as proposed by the debtor at this stage of the proceedings is inappropriate. Section 724 is

---

[2] *Id.* at 4.

[3] According to the Attorney Disclosure Statement filed on September 16, 2009 (Docket No. 21), debtor's counsel is holding a retainer of $33,907.75 in trust. Additionally, the debtor's president, John Young, has personally guaranteed the payment of an additional $5,000.00 retainer.

2

applicable only in chapter 7 cases,[4] and this case is currently in chapter 11. A chapter 11 debtor lacks the power of a chapter 7 trustee to subordinate tax liens as permitted under 724(b).[5] A chapter 11 debtor must either file a plan, provide a report as to why a plan cannot be filed, or recommend conversion or dismissal of the case "as soon as practicable."[6] It cannot attempt to straddle chapters 11 and 7 to justify a piecemeal disbursal of its assets.

There is another reason why the priority wage claims cannot be paid at this time: the amounts the debtor proposes to pay these claimants is inconsistent with the information reflected on its own amended Schedule E, as well as information found in the proofs of claim filed by the wage claimants. Further, the debtor's proposed disbursement would pay certain claimants who have *not* filed proofs of claim and omits one creditor who has filed a priority claim for wages.[7] This is inconsistent with how a chapter 7 trustee would disburse funds, where a prerequisite to payment is the filing of a claim.[8] If the proposed partial distribution were authorized, and this case subsequently converted to chapter 7, the chapter 7 trustee would have a difficult, if not impossible, time trying to reconcile the claims which have been filed against the partial distribution.

For these reasons, the debtor's motion to partially distribute proceeds of sale of plant will be denied, except to the extent of the requested § 506(c) payment to the debtor's attorneys. However, I have a more conservative view of which fees are allowable as § 506(c) expenses. I do not feel it is appropriate to include fees incurred in defending the adversary

---

[4] 11 U.S.C. § 103(b).

[5] Even chapter 7 trustees are limited in this power; they must exhaust unencumbered assets of the estate before subordinating a tax lien on real or personal property of the estate. 11 U.S.C. § 724(e)(1).

[6] 11 U.S.C. § 1106(5), made applicable to a debtor in possession under § 1107(a).

[7] *See* Attachment A, which summarizes the priority wage claims.

[8] 11 U.S.C. § 726(a).

proceeding filed by Independence Bank under § 506(c). That dispute is not so interrelated with the sale of the plant that the fees incurred in the adversary proceeding can be considered as reasonable and necessary expenses incurred in disposing of that asset. Nor does the debtor's defense of that adversary case benefit the other creditors whose liens have attached to the proceeds from the sale of the plant. For the same reason, I feel that the fees billed for attending Mr. Tischer's deposition and for attending a hearing on a motion to compel attendance are not appropriate § 506(c) expenses. The fees billed for these services will not be treated as § 506(c) expenses and must be paid instead from the prepetition retainer received by the debtor's attorneys. These fees include the following entries:

| Date | Services Billed | Time |
|---|---|---|
| 10/06/09 | Attend deposition of Matt Tischer, interspersed with several calls to John Young and Joshua Celeste, and also a court hearing on IBank's motion to compel attendance, email to Mullhearn setting forth agreement. | 9.40 |
| 10/07/09 | Attend Matt Tischer deposition. | 4.00 |
| 10/16/09 | Review Mullhearn's latest salvo: adversary complaint against Adak, Aleuts, etc re lease termination. Emails to and from Young, Mills, Mullhearn re: same. | 4.40 |
| 10/18/09 | Call from Dean von Kallenback. Locate additional cases re taking 2004 exam in face of pending adversary action. Attend hearing on Rule 2004 motion. | 1.10 |
| 11/26/09 | Work on answer to complaint in 09-90031. | 2.30 |
| 11/27/09 | Email to John Young re: answer to adversary complaint, and motion to disqualify. | 0.70 |
| 12/03/09 | Review Aleut's batch of pleadings filed this afternoon in adversary action - to join Adak Seafood, and for SJ. | 1.80 |
| 12/07/09 | Review file in bank's adversary action. Talk to John McDowall and Mike Mills re: their take on how adversary should proceed. Draft and file motion for settlement conference. | 2.30 |

| 12/08/09 | Attend hearing in adversary action on bank's motion to shorten time on motion to disqualify, and AE's motion to shorten time on summary judgment. Draft motion to dismiss debtor from adversary. | 2.70 |
|---|---|---|
| 12/11/09 | Work on msj (previously a motion to dismiss). Review depo notice for John Young and forward to him. | 0.70 |
|  | TOTAL HOURS: | 29.4 |

These 29.4 hours, or $9,849.00, will not be treated as a § 506(c) expense. Nor will the cost of the transcript from Mr. Tischer's Rule 2004 examination, $579.95. These amounts will be allowed, but must be paid from the prepetition retainer, instead of from the sale proceeds.

The first interim fee application requested fees in the sum of $64,082.75 and expenses in the sum of $1,749.72, for a total award of $65,832.47. All fees and costs will be allowed. Of this total award, the sum of $32,109.50 shall be a § 506(c) expense, recoverable from the proceeds of the plant sale. The debtor's attorneys may apply the prepetition retainer to pay the balance of $33,722.97.

An order will be entered consistent with this memorandum.

DATED: January 26, 2010

                                      BY THE COURT
                                      /s/ Donald MacDonald IV
                                      DONALD MacDONALD IV
                                      United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
         B. Chandler, Esq.
         K. Hill, Esq.
         ECF Participants per Notice of Electronic Filing

         01/26/10

5

**PRIORITY WAGE CLAIMANTS**

| Employee Name | Scheduled Priority Amount[9] | Gross Pay (per motion) | Claim No. | Amount Claimed (wages unless otherwise indicated) |
|---|---|---|---|---|
| Rojas, Mauricio | 1,315.50 | 1,462.11 | 14 | 1,462.2454* (*as stated on claim) |
| Salvador, Julee | 807.50 | 1,351.85 | 2 | 2,280.00 |
| Salvador, Marlon | 735.36 | 868.91 | None | |
| Soriano, Raymundo | 718.53 | 801.16 | None | |
| Tomeldan, Paulo | 1,189.19 | 1,292.90 | 11<br>43 | $2,880.00<br>$3,051.42*<br>(*includes purchase of AK Airline miles & cost of booking airline ticket) |
| Almario, Joel M. | 8,418.08 | 10,000.00 | 13<br>42 | $15,000.00<br>$20,000.00 |
| Asprec, Francisco | 1,227.29 | 1,409.70 | 30 | 1,408.38 |
| Diaz, Bernardo | 5,540.02 | 10,950.00 | 8<br>22 | 18,720.00<br>3,500.00*<br>(*car rental for galley workers) |
| Husain, Salpeman | 1,784.99 | 2,694.37 | None | |
| Manansala, Eliseo | 1,784.32 | 2,053.86 | 10<br>46 | 2,320.00<br>2,410.93 |
| Nelson, Mary | 10,399.61 | 8,461.52 | 5<br>6<br>45 | 7,000.00<br>47,379.34*<br>9,264.92*<br>(*for debtor's use of her personal credit cards) |
| Olive, Vicki | 1,841.37 | 4,230.76 | 38 | 1,841.36 |
| Rojas, Isidro N. | 2,063.06 | 3,612.28 | 3 | 3,565.30 |
| Springer, Andrzej | 4,513.61 | 5,538.46 | 25 | 7,700.00*<br>(*unpaid salary & unpaid air ticket) |

---

[9] Amend. Sched. E, filed Oct. 16, 2009 (Docket No. 112).

Attachment A

| Employee Name | Scheduled Priority Amount[10] | Gross Pay (per motion) | Claim No. | Amount Claimed (wages unless otherwise indicated) |
|---|---|---|---|---|
| Tisher, William M. | 10,950.00 | 10,950.00 | 77 | 10,950 priority 50,769.18 total wages due |
| Vieyra, Gerardo | 1,764.59 | 1,900.17 | 7<br>47 | 1,900.125*<br>1,900.125*<br>(*as stated on claim) |
| Yabut, Lamberto | 1,833.06 | 1,160.91 | 12<br>44 | 2,880.00<br>3,044.28*<br>(*includes purchase of AK Airline miles & cost of booking airline ticket) |
| Fraser, David | 10,950.00 | 10,950.00 | 54 | 10,950.00*<br>(*wage portion only) |
| Sanchez, Octavio | Not listed | Not listed | 32 | $2,332.23 |

---

[10] Amend. Sched. E, filed Oct. 16, 2009 (Docket No. 112).

Attachment A